UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARNOLD SAVOY                                  CIVIL ACTION

VERSUS                                        NO:  20-487

NATIONAL GENERAL INSURANCE                    SECTION: "S" (3)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss** filed by National General

Insurance Company (Rec. Doc. 22) is **GRANTED**, and plaintiff's claims are **DISMISSED**

without prejudice to be re-urged if standing is established.

BACKGROUND

This matter arises from a suit for damages allegedly sustained by Arnold Savoy as a

result of a motor vehicle accident. National General Insurance Company  ("National") is the

alleged UM carrier for Arnold Savoy. On March 8, 2021, Barbara Savoy sought leave of court to

be substituted as plaintiff, in her capacity as Arnold Savoy's surviving mother. She did not set

forth any additional basis for her entitlement to be substituted.

National has moved to dismiss the suit against it, contending that Barbara Savoy lacks

standing because she has not demonstrated that she belongs to the class of persons permitted to

maintain a survival or wrongful death action. Barbara Savoy opposes, arguing that her son,

Arnold Savoy, had no children, and was separated and estranged from his wife. She also states

that she intends to file a succession with herself as administrator. In answers to interrogatories

previously provided by Arnold Savoy, he stated that he was separated from his spouse, Perese

Simmons.

**DISCUSSION**

*Legal standard*

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001) (citing FED. R. CIV. P. 12(b)(1)). Because this motion challenges standing, it challenges the court's subject matter jurisdiction. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." <u>Id.</u> (citing <u>Barrera–Montenegro v. United States</u>, 74 F.3d 657, 659 (5th Cir. 1996)). In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. <u>Id.</u> (citations omitted). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." <u>Id.</u> (citing <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir. 1980)).

*Applicable law*

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides in pertinent part that: "If a party dies and the claim is not thereby extinguished the court may order substitution of the proper parties." Substitution of parties under Rule 25(a)(1) is "a procedural convenience granted to those who in fact have a claim under substantive law to bring their own suits in the federal courts." <u>McManus v. Lykes Bros. S. S. Co.</u>, 275 F. Supp. 361, 364 (E.D. La. 1967). Because the

inquiry whether a substituting party can state a claim is substantive, federal courts sitting in diversity apply state law to resolve that issue. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

In Louisiana, a survival action under Civil Code article 2315.1 is not a claim pursued in a representative capacity on behalf of the deceased victim, "rather, it is a cause of action granted to certain designated beneficiaries to recover the damages that a person suffered and would have been entitled to recover from a tortfeasor, if the person had lived." Woodard v. Upp, 142 So. 3d 14, 20 n. 4 (La. App. 1 Cir. 2/18/14) (citations omitted). In defining the beneficiary classes, Louisiana Civil Code article 2315.1 provides in pertinent part:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

"The existence of a member of the first class of beneficiaries exclude[s] all members of lesser classes. Thus, any member of a higher class preempts the claims of other classes of beneficiaries." Rismiller v. Gemini Ins. Co., 2020 WL 731056 (La. 12/11/20), reh'g granted, 2021 WL 248291 (La. 1/26/21) (citation omitted). Thus, a right of action, or standing, to bring a survival action falls first to the surviving spouse and children of the deceased, and if there are no spouse or children, then to the parents of the deceased. If there is a surviving spouse, the parents' claim is preempted. "[A] surviving parent of the deceased can bring the action only if there is no

3

surviving spouse or child." <u>Alexander v. Wilson</u>, 640 So. 2d 687, 689 (La. Ct. App. 1994).

The Louisiana Civil Code also provides that marriage terminates upon the death of a spouse, divorce, a judicial declaration of nullity, or a court ordering authorizing the spouse of a person presumed dead to remarry. LA. CIV. CODE art. 101. Numerous courts have held that an estranged spouse is considered a surviving spouse for purposes of article 2315, if the spouse is alive and not legally divorced. See, <u>e.g.</u>, <u>Craig v. Scandia, Inc.</u>, 634 So. 2d 944, 945–46 (La. Ct. App.), <u>writ denied</u>, 640 So. 2d 1349 (La. 1994) ("Under Article 2315, the appellants are excluded from the class granted the statutory right to recover for the death of their daughter because her marriage to Glynn Bamburg had not been terminated by divorce."); <u>Clark v. Tenneco, Inc.</u>, 353 So. 2d 418 (La. App. 4 Cir.1977), <u>writ denied</u>, 355 So. 2d 266 (Although wife had been separated from her husband for three and a half years preceding his death and husband lived with his mother to whom he provided support and wife had filed suit for separation in which husband had counterclaimed but no judgment had been entered, wife's suit to recover for loss of love and affection, support, etc. under wrongful death statute precluded any right of action by the surviving parents of decedent); <u>Harris v. Lumbermen's Mutual Casualty Co. of Chicago, Ill.</u>, 48 So. 2d 728 (La. App. 1st Cir. 1950) (wife judicially separated from her deceased husband for one year prior to his death was accorded a right of action in preference to deceased's mother); <u>Jones v. Massachusetts Bonding & Insurance Co.</u> 55 So. 2d 88 (La. App. 1st Cir. 1951) (an undivorced wife who was living with another man at the time of decedent husband's death, and who was not dependent on him, was held to be the proper plaintiff, even though there were surviving children, two of them who were dependent on decedent)).

4

Further, a member of a secondary class is not authorized to file a wrongful death or survival action when a beneficiary of a primary class declines to exercise his or her right to institute suit. "Article 2315 must be strictly construed." Craig, 634 So. 2d at 946. For instance, the Louisiana Third Circuit Court of Appeal held that the fact that a surviving spouse has not, or cannot (due to his or her own death) pursue a survival or wrongful death action, does not mean that the right of action accrues to the surviving parent. Alexander, 640 So. 2d at 689. In Alexander, the court held that a parent of a deceased child did not possess a right of action or cause of action for a survival or wrongful death action, because at the time of the plaintiff's child's death, the child had a surviving spouse. Id. This result was not affected by the fact that the child's surviving spouse also subsequently died so he could not have pursued an action, or that he had not filed his own survival or wrongful death action in the five-month interim between the plaintiff's daughter's death and his own. Id. The court held that any such rights devolved to the surviving spouse's heirs, not the parent. Id.

*Application to facts of case*

In this case, Barbara Savoy, who bears the burden of establishing subject matter jurisdiction, has not established that she is a member of the class of persons entitled to maintain a survival action. As a parent, her right of action accrues only in the absence of a surviving spouse. The record reflects that Arnold has a surviving spouse, Perese Simmons. Accordingly, this matter must be dismissed without prejudice, and may be re-urged if Barbara Savoy demonstrates that Arnold Savoy's marriage was terminated by one of the methods set forth in Civil Code article 101. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion to Dismiss** filed by National General Insurance Company ("National") (Rec. Doc. 22) is **GRANTED**, and plaintiff's claims are **DISMISSED** without prejudice to be re-urged if standing is established.

New Orleans, Louisiana, this ___23rd___ day of April, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**